## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

MATTHEW J. BURTON, # B-08524,    )
    )
       Plaintiff,    )
    )
    vs.    )    Case No. 14-cv-250-MJR
    )
CORRECTIONAL OFFICER SHEFFLER,  )
    )
       Defendant.    )

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff, currently incarcerated at East Moline Correctional Center, has brought this *pro se* civil rights action pursuant to 42 U.S.C. § 1983. The incident which gave rise to his complaint occurred while he was confined at Big Muddy River Correctional Center. Plaintiff is serving a ten-year sentence for possession of a stolen vehicle. He claims that his eye was injured when he was hit by a package thrown by the Defendant.

More specifically, Plaintiff explains that on May 25, 2012, he was notified that he had received a package in the mail containing three books, and he should come down from his cell to the central desk to pick it up (Doc. 1, p. 4). While Plaintiff was getting dressed to go down, Defendant Sheffler took his package and other mail out into the housing unit to pass it out. Defendant Sheffler was on the lower tier of cells, and Plaintiff's cell was above him, on the top tier. Just as Plaintiff exited his cell, Defendant Sheffler threw the package of books up to Plaintiff's tier, and the package hit Plaintiff in the right eye.

Plaintiff includes documentation showing that he sought and received medical attention for the eye injury (Doc. 1-1, pp. 1-3, 13-27). Three days after the incident, the white of

his eye was still reddish-pink and the eye was still watery (Doc. 1-1, p. 18).  As of December 27,

2013, when Plaintiff signed the instant complaint,[1] he claims his eye still constantly waters and is

painful at times.

Plaintiff filed a grievance over Defendant Sheffler's conduct, asking that he not

be required to pay anything toward his medical care since the Defendant caused his injury (Doc.

1-1, pp. 4-6).  That grievance was unsuccessful because Defendant Sheffler denied throwing the

package (Doc. 1-1, p. 9).  Plaintiff now seeks money damages, and wants the Defendant to be

held accountable for his actions (Doc. 1, p. 5).

**Merits Review Pursuant to 28 U.S.C. § 1915A**

Under § 1915A, the Court is required to conduct a prompt threshold review of the

complaint, and to dismiss any claims that are frivolous, malicious, fail to state a claim on which

relief may be granted, or seek monetary relief from an immune defendant.   After fully

considering the allegations in Plaintiff's complaint, the Court concludes that this action is subject

to summary dismissal.

When evaluating a pro se complaint under § 1915A, the court must liberally

construe the plaintiff's factual allegations, and must accept them as true.  *See Smith v. Peters*,

631 F.3d 418, 419 (7th Cir. 2011); *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821

(7th Cir. 2009).  The claim of entitlement to relief must cross "the line between possibility and

plausibility."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007).  Thus, at this stage of

the case, the Court accepts Plaintiff's account of the incident just as he has described it –

Defendant Sheffler threw the package of books toward Plaintiff's cell, and the package hit

Plaintiff in the eye.  His action caused Plaintiff's injury.  Even so, these facts fail to demonstrate

a violation of Plaintiff's constitutional rights, and for this reason, the civil rights claim must be

---

[1] The complaint was received by the Clerk of Court for filing on February 20, 2014.

dismissed.

Plaintiff never claims that Defendant Sheffler intended to hit him with the package or meant to injure him, nor do the facts suggest this.  To the contrary, Plaintiff describes the event as an "accident" (Doc. 1-1, p. 6).  From all indications, Defendant Sheffler acted carelessly, negligently, and perhaps irresponsibly.  But not every harm that befalls an inmate rises to the level of a constitutional violation.

A constitutional claim for an injury or harm arising from a prisoner's conditions of confinement is rooted in the Eighth Amendment's prohibition against cruel and unusual punishment.  *See Rhodes v. Chapman,* 452 U.S. 337, 346 (1981); *Farmer v. Brennan*, 511 U.S. 825, 837 (1970).  The Eighth Amendment is implicated only where a prisoner has suffered (or is at risk of suffering) a serious deprivation of a basic human need such as food, medical care, sanitation, or physical safety.  *See Rhodes,* 452 U.S. at 346; *see also James v. Milwaukee Cnty.*, 956 F.2d 696, 699 (7th Cir. 1992).  In order to state a claim upon which relief may be granted, the inmate must have faced an objectively serious risk of harm, or been confined under conditions that "exceeded contemporary bounds of decency of a mature, civilized society." *Lunsford v. Bennett,* 17 F.3d 1574, 1579 (7th Cir. 1994).

In addition to the objective component, there is a subjective element to an Eighth Amendment claim.  This requires that a prison official had a sufficiently culpable state of mind. *See Wilson v. Seiter*, 501 U.S. 294, 298 (1991); *McNeil v. Lane*, 16 F.3d 123, 124 (7th Cir. 1994).  The requisite state of mind is deliberate indifference to the inmate's health or safety; the official must be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference.  *See, e.g., Wilson*, 501 U.S. at 303; *Estelle v. Gamble*, 429 U.S. 97, 104 (1976); *Farmer v. Brennan*, 511 U.S. 825, 837 (1970);

*DelRaine v. Williford*, 32 F.3d 1024, 1032 (7th Cir. 1994).  The deliberate indifference standard is satisfied if the plaintiff shows that the prison official acted or failed to act despite the official's knowledge of a substantial risk of serious harm.  *Farmer*, 511 U.S. at 842.  However, a prison official's inadvertent error, mistake, or negligence is insufficient to rise to the level of deliberate indifference, and does not violate the Eighth Amendment.  *See Duckworth v. Ahmad*, 532 F.3d 675, 679 (7th Cir. 2008).

An alternative constitutional protection for loss or injury to a prisoner's life is the Fourteenth Amendment.  However, the Fourteenth Amendment's Due Process Clause "is simply not implicated by a *negligent* act of an official causing unintended loss of or injury to life, liberty, or property."  *Daniels v. Williams*, 474 U.S. 327, 328 (1986) (emphasis in original) (inmate was injured in a fall caused when guard negligently left a pillow on a stairway).   To summarize, a defendant can never be held liable under § 1983 for a negligent act.  *See Zarnes v. Rhodes*, 64 F.3d 285, 290 (7th Cir. 1995).

Turning to the instant case, there is always some risk that a thrown object might injure a person.  However, the chance of serious bodily injury from such conduct is too remote to constitute an objectively substantial risk under the Eighth Amendment.  Defendant Sheffler's actions do not suggest that he was deliberately indifferent to a substantial risk of serious harm to Plaintiff when he threw the package toward the upper cell tier.  Instead, his action falls well into the range of negligence, carelessness, or as Plaintiff put it, an "accident."  As such, Defendant did not violate Plaintiff's constitutional rights, even though he did cause the injury.

**Disposition**

For the reasons stated above, this civil rights action is **DISMISSED with prejudice** for failure to state a claim upon which relief may be granted.  This dismissal does not

preclude Plaintiff from seeking relief in state court if he should wish to do so.  However, nothing in this order shall be construed as an opinion as to the merits of any state court claim.

Plaintiff is **ADVISED** that this dismissal shall count as one of his three allotted "strikes" under the provisions of 28 U.S.C. § 1915(g).  Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350.00 remains due and payable.  *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

If Plaintiff wishes to appeal this dismissal, he may file a notice of appeal with this Court within thirty days of the entry of judgment.  FED. R. APP. P. 4(a)(1)(A).  A motion for leave to appeal *in forma pauperis* should set forth the issues Plaintiff plans to present on appeal. *See* FED. R. APP. P. 24(a)(1)(C).  If Plaintiff does choose to appeal, he will be liable for the $505.00 appellate filing fee irrespective of the outcome of the appeal.  *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d 724, 725-26 (7th Cir. 2008); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).  Moreover, if the appeal is found to be nonmeritorious, Plaintiff may also incur another "strike."  A timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline.  FED. R. APP. P. 4(a)(4).

The Clerk shall **CLOSE THIS CASE** and enter judgment accordingly.

**IT IS SO ORDERED.**

**DATED:  March 19, 2014**

s/ MICHAEL J. REAGAN
United States District Judge